The opinion of the court was delivered by
Manning, C. J.
The plaintiff sues to recover $868.71 with interest, alleging that the defendant collected that sum for her as her agent, and retains it. The defendant specially denies the agency, and the collection for her, and avers that he collected the sum charged for one Joseph Rudman, and is entitled to compensate it by an indebtedness of Rudman to him of $725 25 with interest, and that this suit was instituted in the plaintiff’s name to avoid the plea of compensation. He further avers that the plaintiff, who is a coloured woman, is impecunious, without business capacity, while Rudman has large means, is much in debt, and has placed all of his property in the name of the plaintiff, and in *263 her name carries on business under the pretence of being her agent,, and that Rudman and the plaintiff live in concubinage.
There was judgment for the plaintiff, and the defendant appealed.
The receipt of the defendant for the notes he was to collect conforms, in the sums stated therein, to those set forth in the petition. Below it is a letter addressed by Rudman to the defendant in these words; — “ This receit should have bin given in the name of Caroline-Perry, myself acting as her agent so as to corispond with the other papers, please write it out so and send it to me as my terns returns. I want you to look to my interest in this matter as it was for you I went in to it.” The signature of J. Rudman follows. On the back of this paper is Burton’s reply, mentioning the alteration, but it is not copied in the record, and we learn of it from the bill of exception.
From this it appears that the receipt, as originally written, contained the name of Rudman alone as the person from whom the notes were received for collection, but complying with the request made in Rudman’s letter, it was altered by adding the words, ‘ agent for C. Perry,” after his name. The receipt is headed, ‘ notes of J. Rudman on ’ the several parties whose names follow. It was evidently Rudman’s expectation that Burton would write a new receipt, or he would not have written his letter on the same sheet of paper, but Burton, very likely from carelessness, merely appended the words mentioned above, and sent it back with his letter in reply on the reverse side. It is one of the. rare instances when carelessness produced a benefit.
The plaintiff offered in evidence the receipt alone in its altered form, and did not offer the letter beneath it, or the reply on the back. The defendant objected to receiving a part of the paper in evidence without the other writings thereon, which explained it, but his objections were-overruled, and the receipt alone admitted, and he reserved a bill.
No reasons are stated in the bill for the rejection, and we are left to the inference that it was under the rule excluding parol testimony in explanation of, or for varying a, written instrument. It would be extending the application of that wholesome rule very far, if it should operate the exclusion of writings on the same paper, that had special reference to the subject matter of the instrument which is sought to be explained. It has often been held that such testimony was admissible. Cole v. Smith, 29 Annual, 551, and authorities there cited. Berard v. Boagni, 30 Annual, 1125.
The defendant then offered documentary and oral proof to shew the alteration, and how it was made — to prove that Rudman was not the plaintiff’s agent, and that the notes mentioned in the receipt belonged to Rudman — that the words, agent etc., were added at Rudman’s instance, who was apprehending a process of garnishment, and were in *264 tended by Rudman only to shield the notes from it — that the plaintiff is an ignorant and penniless negress, having no property, and Rudman was using her name in .this suit, and in the management of his property, to defraud his creditors, and preclude the defendant from availing himself of his claim in compensation.
The whole of this testimony, which is responsive to the averments of the answer, was excluded for irrelevancy. It was certainly not irrelevant. The same reasons apply to the admissibility of this testimony as to that in the first bill, and the same authorities warrant and justify its reception.
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and the cause is remanded to be proceeded with according to law in the lower court, the plaintiff paying costs of appeal.